FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARRY M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No.1:19-CV-03222-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 18. Attorney D. James Tree represents Barry M. (Plaintiff); Special Assistant United States Attorney Jeffrey R. McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 9. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on August 14, 2006, Tr. 264, alleging disability since October 15, 2001, Tr. 242, 245, due to asthma, attention deficit hyperactivity disorder (ADHD), and sinus problems, Tr. 269. The applications

1  were denied initially and upon reconsideration. Tr. 159-62, 164-67. Administrative
2  Law Judge (ALJ) R.S. Chester held a hearing on March 27, 2009 and heard
3  testimony from Plaintiff and vocational expert, Daniel McKinney. Tr. 50-71. The
4  ALJ issued an unfavorable decision on April 14, 2009. Tr. 134-47. The Appeals
5  Council granted review and remanded the case back to the ALJ on February 16,
6  2011. Tr. 153-56.
7  　　　　On July 21, 2011, ALJ Caroline Siderius held a remand hearing and heard
8  testimony from Plaintiff, psychological expert, Margaret Moore, Ph.D., and
9  vocational expert, Daniel McKinney. Tr. 72-126. The ALJ issued an unfavorable
10 decision on August 25, 2011. Tr. 21-39. The Appeals Council denied review on
11 July 24, 2013. Tr. 1-3. On September 24, 2013, Plaintiff requested judicial review
12 of the ALJ's August 25, 2011 decision in the Eastern District of Washington. Tr.
13 1538-40. On October 9, 2014, this Court issued an order remanding the case to the
14 Commissioner for additional proceedings. Tr. 1545-61.
15 　　　　On December 17, 2015 and May 18, 2016, ALJ Virginia M. Robinson held
16 two additional hearings. Tr. 1427-99. The ALJ heard testimony from Plaintiff and
17 vocational expert, Kimberly Molinex. *Id*. The ALJ issued an unfavorable decision
18 on December 21, 2016. Tr. 1390-1415. The Appeals Council did not assume
19 jurisdiction of the case within the prescribed period set forth in 20 C.F.R. §
20 404.984, and Plaintiff filed a second action for judicial review on April 20, 2017.
21 Tr. 3369. On April 5, 2018, this Court issued an order remanding the case to the
22 Commissioner for additional proceedings. Tr. 3368-89.
23 　　　　On March 12, 2019, ALJ Robinson held another hearing. Tr. 3305-26. The
24 ALJ heard testimony from Plaintiff and vocational expert Leta Berkshire. *Id*. She
25 issued an unfavorable decision on June 5, 2019. Tr. 3247-64. The Appeals Council
26 did not assume jurisdiction of the case and Plaintiff filed the present action for
27 judicial review on September 18, 2019. ECF No. 1.
28 ///

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 37 years old at the alleged date of onset. Tr. 242. His highest level of education was the tenth grade, completed in 1982. Tr. 275. His work history includes the jobs of baker, cook, and laborer. Tr. 270, 285. He alleged that asthma, ADHD, depression, and sinus problems limited his ability to work. Tr. 269. Plaintiff reported that he stopped working on January 10, 2005 due to his conditions. *Id*.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision

supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 5, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 15, 2001, the alleged onset date. Tr. 3250.

At step two, the ALJ determined Plaintiff had the following severe impairments: substance abuse, attention deficit hyperactivity disorder (ADHD), affective disorder, anxiety disorder, learning disorder, personality disorder, borderline intellectual function, and asthma. Tr. 3250.

At step three, the ALJ found Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 3251-53.

The ALJ assessed Plaintiff's residual functional capacity and determined he could perform work at a light exertional level with the following limitations:

> he can only occasionally climb ramps or stairs, and cannot climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to excessive vibration and to workplace hazards such as dangerous machinery and working at unprotected heights. He must avoid exposure to pulmonary irritants such as fumes, odors, dusts and gases. He is limited to simple, routine tasks in a routine work environment with simple, work-related decisions. He can have no more than occasional, superficial interaction with coworkers and incidental interaction with the public.

Tr. 3253.

At step four, the ALJ determined Plaintiff had no past relevant work. Tr. 3262.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of electrical accessory assembler, marker, and wire worker. Tr. 3262-63. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 15, 2001, through the date of the decision. Tr. 3263.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by improperly rejecting the medical opinion

evidence.

## DISCUSSION

**1.    Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Fady F. Sabry, M.D., Philip Johnson, Ph.D., Tae-Im Moon, Ph.D., Phillip Barnard, Ph.D., Kathryn Jolin, PMHNP, and Tasmyn Bowes, Psy.D. ECF No. 14 at 9-21.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth her interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). The parties both noted that the specific and legitimate standard applies to the treating and examining doctors' opinions in this case. ECF No. 14 at 9; ECF No. 18 at 9.

In evaluating the opinions of non-acceptable medical sources, an ALJ may discount such an opinion if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.    Fady Sabry, M.D.**

On August 11, 2009, Dr. Sabry completed a Physical Evaluation form for the Washington State Department of Social and Health Services (DSHS). Tr. 1313-16. He opined asthma resulted in mild to moderate limitation in Plaintiff's ability to sit, stand, walk, lift, handle, and carry and Plaintiff's anxiety resulted in mild

limitations in the same six functions. Tr. 1315. He then limited Plaintiff to sedentary work. *Id*. He stated Plaintiff was able to participate in pre-employment activities such as job searches or employment classes, stating that Plaintiff needed medicine for asthma control and if he got the asthma under control the limitations would be none to mild instead of mild to moderate. Tr. 1316.

Dr. Sabry completed a second Physical Evaluation form for DSHS on June 18, 2010. Tr. 1328-31. Dr. Sabry diagnosed Plaintiff with asthma and hypertension and opined that they resulted in mild limitations in Plaintiff's ability to sit, stand, walk, lift, handle, and carry. Tr. 1330. He again limited Plaintiff to sedentary work. *Id*. He opined that without treatment Plaintiff's conditions would continue for at least twelve months. Tr. 1331. Again, he stated that Plaintiff needed medications. *Id*.

The ALJ gave these opinions little weight, finding them to be poorly supported and inconsistent with the longitudinal evidence. Tr. 3259. The ALJ noted Dr. Sabry did not include or refer to exam findings consistent with the extreme limitations and did not explain how mild to moderate asthma and mild anxiety would cause the assessed limitations. *Id.* Finally, she found the opinions inconsistent with contemporary records showing Plaintiff's symptoms responded to medication and that he had few or no physical complaints. *Id.*

Plaintiff argues the ALJ improperly found insufficient objective evidence to support the opinions, as the record as a whole and Dr. Sabry's notes indicated objective findings of Plaintiff's breathing problems. ECF No. 14 at 9-10. Plaintiff also notes two other sources opined he was limited to sedentary work, making Dr. Sabry's opinions consistent with the record. *Id.* at 11. Defendant argues the ALJ's rationale and interpretation of the record were reasonable and supported by substantial evidence, and notes Plaintiff failed to challenge most of the ALJ's rationale. ECF No. 18 at 3-7.

The Court finds no error in the ALJ's analysis. An ALJ may reasonably

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

consider the supportability and consistency of an opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion…. Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). The ALJ accurately noted that Dr. Sabry's opinions were lacking in explanation for how Plaintiff's conditions resulted in the assessed limitations, and what medical evidence supported his opinions. Furthermore, the ALJ reasonably interpreted the contemporaneous records as showing a few flares of Plaintiff's asthma, but that his symptoms responded to medication and he often had few, if any, complaints of functional limitations, with few objective findings of breathing problems. Tr. 1197-1221, 1274-77. The ALJ's analysis is supported by substantial evidence.

      **B.**    **Philip Johnson, Ph.D.**

On October 16, 2006, Dr. Johnson completed a psychological evaluation. Tr. 723-28. He diagnosed Plaintiff with alcohol dependence in early remission, cannabis dependence in early remission, amphetamine dependence in sustained full remission, major depressive disorder, recurrent, in partial remission, ADHD, and borderline intellectual functioning. Tr. 727. In Dr. Johnson's medical source statement, he opined that Plaintiff's ability to understand, reason, and remember fell in the borderline range of intellectual functioning; his ability to sustain concentration, persistence, and paces was adequate when sober, with some limitations from ADHD; his ability to interact socially was adequate; and his ability to cope with stress had some limitations. Tr. 728. The ALJ gave this opinion significant weight, noting it was consistent with the exam findings, the overall medical evidence, and Plaintiff's activities. Tr. 3260.

Plaintiff argues the ALJ erred by giving the opinion significant weight while failing to account for Plaintiff's limited ability to cope with stress, which Plaintiff argues implies he is limited to sheltered work. ECF No. 14 at 11. Defendant argues

the ALJ reasonably translated Dr. Johnson's opinion into specific functional limitations, and that the limitation to simple routine tasks with simple decisions and limited contact with others all account for Plaintiff's limited ability to cope with stress. ECF No. 18 at 7-8. Defendant further argues that Dr. Johnson did not specifically state that Plaintiff was limited to sheltered work, and the ALJ's interpretation of the report was rational. *Id.* at 8-9.

The Court finds no error in the ALJ's treatment of this opinion. An ALJ is not required to specifically credit or reject an examining doctor's opinion when it does not include opinions as to specific functional limitations. *Valentin v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009). The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Dr. Johnson stated only that "there have been limitations in his ability to cope with stress," and recounted Plaintiff's reports of work-place difficulties. Tr. 728. The doctor did not assess any specific functional limits. The ALJ reasonably interpreted Dr. Johnson's opinion in concluding Plaintiff was limited to simple, routine tasks with no more than occasional superficial interaction with coworkers and incidental interaction with the public. Tr. 3253.

### C. Tae-Im Moon, Ph.D.

On July 12, 2012, Dr. Moon completed a Psychological/Psychiatric Evaluation form for DSHS. Tr. 2069-73. He diagnosed Plaintiff with major depressive disorder, anxiety disorder, ADHD, alcohol dependence in sustained remission, cannabis dependence, and personality disorder. Tr. 2070. He opined that Plaintiff had a marked limitation in eight and a moderate limitation in an additional two of the thirteen areas of functioning provided on the form. Tr. 2071. He opined that none of the impairments were primarily the result of alcohol or drug use. Tr. 2072. He stated that the above limitations would persist for twelve to twenty-four months with available treatment. *Id.*

1    The ALJ gave this opinion little weight, noting Dr. Moon reviewed no treatment notes, and thus had minimal understanding of the longitudinal record on which to form an opinion, including being unaware of evidence of Plaintiff's symptom exaggeration, inconsistent statements, and drug seeking behavior. Tr. 3260. She further reasoned Dr. Moon did not provide specific rationale for the assessed limitations, and that the mostly normal mental status exam results were not consistent with his assessment of marked limits. *Id.* Finally, she found the opinion to be inconsistent with the record as a whole and with Plaintiff's daily activities, and pointed to a 2017 opinion from Dr. Harmon who found the assessment to not be consistent with the medical evidence. Tr. 3260-61.

Plaintiff argues the ALJ's reasoning is flawed, as Dr. Moon did review previous DSHS exam reports, and argues that an in-person exam is due greater weight than a review of records. ECF No. 14 at 12-13. He further argues that the ALJ's finding of inconsistency with the record as a whole is not supported by substantial evidence, given the waxing and waning of mental health symptoms, and that the ALJ failed to explain what was inconsistent between Dr. Moon's opinion and Plaintiff's demonstrated activities. *Id.* at 13-14. Finally, he asserts the ALJ's rejection based on a lack of support from the mental status exam was previously invalidated by this court, and thus violates the law of the case doctrine. *Id.* at 14.

Defendant argues the ALJ's rationale regarding Dr. Moon's familiarity with the record was reasonable, and that opinions can be properly rejected when based on an inaccurate picture. ECF No. 18 at 9-10. Defendant further argues the ALJ reasonably rejected the opinion for lack of explanation and documented support in the mental status exam, noting that the previous remand order did not preclude the use of this argument, but merely found the ALJ did not accurately portray the findings in the previous denial. *Id.* at 10-11. Finally, Defendant asserts the ALJ's interpretation of the record as a whole and Plaintiff's activities as inconsistent with Dr. Moon's opinion was supported by substantial evidence, and Dr. Harmon's

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

opinion was an additional specific and legitimate basis for the rejection. *Id.* at 11-12.

The Court finds the ALJ did not err. As noted above, the amount of explanation provided by a source in support of their opinion and the opinion's consistency with the record as a whole are legitimate factors for an ALJ to consider. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ's interpretation of Dr. Moon's report as lacking in explanation and support is a reasonable interpretation of the record. This Court previously found the ALJ's rejection of Dr. Moon's opinion to be flawed, as the ALJ inaccurately summarized Dr. Moon's mental status exam findings as normal other than deficiencies in abstract thought. Tr. 3381-82. However, here the ALJ accurately summarized the findings, and still found them insufficient to support the marked limitations assessed. Furthermore, the ALJ pointed to numerous instances in the record of objective findings she found to be inconsistent with Dr. Moon's opinion. While Plaintiff argues for an alternative interpretation of the record, the Court finds the ALJ's interpretation to be supported by substantial evidence. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Additionally, an ALJ may consider a source's familiarity with the record in weighing the reliability of their opinion. 20 C.F.R. § 404.1527(c)(6). The ALJ pointed to a number of factors in the case with which Dr. Moon was not familiar, including evidence of symptom exaggeration, inconsistent statements, and drug seeking behavior. Tr. 3260. The ALJ reasonably considered this factor in assessing Dr. Moon's opinion.

The Court finds the ALJ erred in finding Dr. Moon's opinion inconsistent with Plaintiff's documented activities, as none of the identified activities conflict with Dr. Moon's opinion regarding Plaintiff's ability to maintain work-related

functions on a continuous and ongoing basis. The Court further finds Dr. Harmon's opinion did not state that Dr. Moon's report was inconsistent with the record at that time, but rather found that records more contemporaneous to his 2017 review indicated Plaintiff's limitations were not as extreme as they had been found to be in 2012. Tr. 3576. However, as the ALJ provided other specific and legitimate reasons for discounting Dr. Moon's opinion, any such error was harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

### D.     Phillip Barnard, Ph.D.

On July 25, 2013, Dr. Barnard completed a Psychological/Psychiatric Evaluation form for DSHS after examining Plaintiff. Tr. 2874-77. He diagnosed Plaintiff with ADHD/Combined type, learning disorder not otherwise specified, alcohol dependence in sustained full remission, and bipolar disorder not otherwise specified. Tr. 2875. He opined that Plaintiff had a severe limitation in four areas of mental functioning, a marked limitation in four areas of mental functioning, and a moderate limitation in the remaining five areas of mental functioning addressed on the form. Tr. 2876. He found that the current impairments were not the primary result of drug or alcohol use in the past sixty days. *Id*. He further opined that Plaintiff's impairments would continue for twenty-four to forty-eight months with available treatment. *Id*.

The ALJ gave this opinion little weight for the same reasons as Dr. Moon, additionally noting the inaccurate information Plaintiff provided to Dr. Barnard regarding his substance abuse. Tr. 3260-61. The Court finds the ALJ's analysis is specific and legitimate as applied to Dr. Barnard for the same reasons as it was sufficient for Dr. Moon.

### E.     Kathryn Jolin, PMHNP

In July of 2015, Ms. Jolin completed a mental source statement in which she

opined that Plaintiff had a marked limitation in the ability to maintain attention and concentration for extended periods and a moderate limitation in twelve additional areas of mental functioning. Tr. 1935-37. Additionally, she opined that Plaintiff would be off task over 30% of the time and would miss four or more days a month if employed forty hours a week. Tr. 1937.

The ALJ gave the opinion little weight, noting it was conclusory, unsupported, and inconsistent with the longitudinal record. Tr. 3261. The ALJ noted Ms. Jolin did not provide objective findings consistent with her opinion, did not point to other evidence to support her opinion, and found that the opinion was generally inconsistent with Plaintiff's activities and his presentation in most medical records.

As this Court previously found, the ALJ's assessment of Ms. Jolin's opinion as being inconsistent with the medical records is sufficient to meet the germane standard. Tr. 3386. The ALJ also reasonably considered the lack of explanation or supportive contemporaneous objective findings in assigning little weight to Ms. Jolin's opinion.

### F.    Tasmyn Bowes, Psy.D.

In June 2018, Dr. Bowes completed a consultative psychological exam, and diagnosed Plaintiff with ADHD, generalized anxiety disorder, panic disorder, and alcohol use disorder in reported sustained full remission, along with a rule out diagnosis of borderline IQ. Tr. 3581. She opined Plaintiff was markedly limited in his ability to understand, remember, and persist in tasks by following detailed instructions, and maintain appropriate behavior in a work setting. *Id.* She stated the impairments were not primarily the result of substance use, but noted Plaintiff needed a chemical dependency evaluation. Tr. 3582.

The ALJ gave this opinion little weight, noting Dr. Bowes reviewed no treatment notes and Plaintiff gave her a misleading report of his substance abuse, resulting in Dr. Bowes not having "the full diagnostic picture on which to form a

reliable opinion." Tr. 3261-62.

Plaintiff argues Dr. Bowes' failure to review records does not negate the objective findings she made on her exam, and argues there is no evidence she unduly relied on Plaintiff's statements, as she seemed to question his reports of sobriety. ECF No. 14 at 19-21. He further points out that the ALJ did not find substance abuse to be material to the disability determination. *Id.* Defendant argues the ALJ reasonably discounted the opinion due to Dr. Bowes' lack of knowledge of the longitudinal record.

The Court finds the ALJ did not err. As noted above, a source's familiarity with the record is a legitimate factor for the ALJ to consider. Throughout the decision, the ALJ noted evidence of Plaintiff's symptom exaggeration, inconsistent statements, and drug seeking behaviors, all of which Dr. Bowes was unaware of. This was a specific and legitimate reason to question Dr. Bowes' opinion. *Chaudry v. Astrue*, 688 F.3d 661, 670-71 (9th Cir. 2012).

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 9, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE